IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

SHIRLEY M. SCOTT                                                                        PLAINTIFF

vs.                                     CASE NO. **2:06CV00163JMM**

MICHAEL J. ASTRUE,                                                     DEFENDANT
Commissioner, Social Security Administration[1]

## ORDER

Plaintiff, Shirley M. Scott, brings this action under 42 U.S.C. § §405(g) and 1383(c)(3) for judicial review of a final decision of the Commissioner of the Social Security Administration denying her claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act (Act), Disabled Widow Benefits (DWB) under Title II of the Act and Supplemental Security Income (SSI) benefits under Title XVI of the Act.  Both parties have submitted briefs, and the case is ready for disposition.

I.

Plaintiff filed an application for DIB, SSI and DWB benefits on October 24, 2003, alleging disability beginning October 15, 2003, due to pain, tingling and numbness in her hands and fingers. (Tr. 55-57, 194-197). Her claims were denied initially.  Her request for reconsideration, where she also claimed that she had pain in her ankles and legs, was denied on March 16, 2004.  (Tr. 45).  Pursuant to Plaintiff's request, a hearing was

---

[1]Michael J. Astrue was sworn in as Commissioner of the Social Security on February 12, 2007.  He, therefore, is substituted for Jo Anne B. Barnhart under Fed. R. Civ. P. 25(d)(1).

h
d

conducted by the Administrative Law Judge (ALJ) on November 30, 2005 at which Plaintiff, who was represented by counsel, and a vocational expert (VE) testified. (Tr. 227-255).

On January 27, 2006, the ALJ issued a decision finding that Plaintiff was not disabled. (Tr. 17-24). Plaintiff appealed her case to the Appeals Council. (Tr. 13). On June 16, 2006, the Appeals Council denied Plaintiff's request for review. (Tr. 5-7). Therefore the ALJ's decision became the final decision of the Commissioner from which Plaintiff seeks judicial review.

## II.

Plaintiff has the burden of proving her disability by establishing a physical or mental impairment lasting at least one year that prevents her from engaging in any substantial gainful activity. 42 U.S.C. §1382c(a)(3)(A); *Baker v. Apfel*, 159 F.3d 1140, 1143 (8th Cir. 1998); *Ingram v. Chater*, 107 F.3d 598, 601 (8th Cir. 1997).

The Court's function on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.

> Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome, or because we would have decided the case differently.

*Roberts v. Apfel,* 222 F.3d 466, 468 (8th Cir. 2000) (citations omitted).

In this case, the Court must determine whether the Commissioner's decision that Plaintiff is not disabled as of October 15, 2003, is supported by substantial evidence.

III.

Plaintiff was born on July 29, 1951 and was 54 years old at the time of the hearing. (Tr. 23). She has a twelfth grade education and past relevant work as a machine operator in a factory setting. (Tr. 73, 231). She has not worked since the alleged onset date of October 15, 2003. (Tr. 23).

Plaintiff has been diagnosed or treated for carpal tunnel syndrome (CTS), degenerative disk disease, back pain, hypertension, hematuria, arthritis, and headaches. (Tr. 100, 101, 103, 106, 110, 113, 115, 117, 1919, 120, 121, 150, 152, 154, 156, and 189). Her CTS was first diagnosed on October 17, 2003. (Tr. 101). According to a radiology report from White County Medical Center dated July 14, 2003, Plaintiff has moderate degenerative disk disease at the L1-2 and L5-S1. (Tr. 110). Plaintiff is on pain medication. (Tr. 99).

At the hearing, Plaintiff testified that she had to stop working as a sewing machine operator and factory worker because of the pain in her hands. (Tr. 231). She complained of pain in her ankles, legs, arms, wrists and fingers. (Tr. 235). She had back surgery in 1983, and suffers from swelling in her back and back pain. (Tr. 235-36).

Plaintiff stated that she is limited in her ability to do housework and relies on her cousin to vacuum and assist her with shopping. (Tr. 239). Plaintiff testified that she cannot lift more than 10 pounds, that she has trouble gripping, and can only stand for about 30 minutes to an hour at a time before her back starts hurting. (Tr. 242-243).

III.

The ALJ undertook the familiar five-step analysis in determining whether Plaintiff is disabled. The five-step sequential evaluation determines: (1) whether the claimant is

currently engaged in substantial gainful activity; (2) whether he or she has a severe and medically determinable physical or mental impairment; (3) whether the claimant may be deemed disabled because the impairment meets or equals a listed impairment in Appendix 1 to Subpart P, Title 20, Code of Federal Regulations; (4) whether the claimant is able to return to past relevant work, despite the impairment; and if not (5) whether the claimant can perform any other kind of work. 20 C. F. R. §§416.920 and 404.1520. *See Cox v. Barnhart*, 345 F. 3d 606 , 608 n. 1 (8th Cir. 2003).

The ALJ found that Plaintiff had not engaged in substantial gainful activity since the onset date. (Tr.23). He found that Plaintiff has bilateral CTS, degenerative disc disease of the lumbar spine (mild to moderate), and hypertension (uncontrolled). She has a severe impairment but she does not have an impairment or combination of impairments listed in or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4. (Tr. 23).

The ALJ evaluated Plaintiff's subjective allegations and complaints pursuant to the criteria set forth in *Polaski v. Heckler*, 739 F. 2d 1320 (8th Cir. 1984).[2] He concluded that Plaintiff's subjective allegations are not borne out by the overall record or are not fully credible to the extent alleged. (Tr. 23). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform a wide range of light, unskilled jobs which involve lifting no more than 20 pounds at a time and frequently lifting or carrying objects weighing up to 10 pounds. He found that Plaintiff is capable of standing and walking with normal breaks a

---

[2] These include the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as (1) the claimant's daily activities; (2) the duration, frequency and intensity of the pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness and side effects of medication; and (5) functional restrictions. *Polaski v. Heckler*, 739 F. 2d 1320, 1322 (8th Cir. 1984).

total of 6 hours in an 8-hour workday and sitting with normal breaks for a total of 6 hours in an 8-hour workday. He found that Plaintiff's ability to perform light work is subject to the following limitations: Plaintiff should never kneel, crawl, perform fine manipulations, and should perform no frequent rapid, repetitive flexing or extension of both wrists. She should only occasionally stoop, bend, and crouch. (Tr. 23). The ALJ found that Plaintiff is unable to perform her past relevant work as a hand packer, light assembler, and sewing machine operation. (Tr. 23). With the assistance of a VE, the ALJ found that Plaintiff could perform other jobs that existed in significant numbers in the national economy. (Tr. 24). Therefore, the ALJ found that Plaintiff was not disabled. (Tr. 24)

IV.

Plaintiff raises a number of arguments in her assertion that the Commissioner's decision is not supported by substantial evidence. She contends that the ALJ erred in finding that she failed to follow prescribed treatment, that the ALJ erred by not reviewing Plaintiff's borderline age situation, that the ALJ failed to properly evaluate her RFC, and that the ALJ failed to properly evaluate her credibility.

The Court is persuaded that the Commissioner's decision is not supported by substantial evidence. The ALJ completely disregarded the evidence in the record, imposing his own assessment of Plaintiff's RFC. There are absolutely no clinical findings to support the ALJ's determination that Plaintiff can engage in light work

The ALJ has a duty to develop the record, even where an attorney represents a claimant at the administrative hearing. *Snead v. Barnhart*, 360 F. 3d 834, 838 (8th Cir. 2004). The ALJ should obtain additional or clarifying information where a crucial issue is undeveloped. *Stormo v. Barnhart*, 377 F. 3d 801, 806 (8th Cir. 2004)

RFC is a medical question and there must be some medical evidence to support that RFC determination. The ALJ "should obtain medical evidence that addresses the claimant's ability to function in the workplace, " and "is therefore required to consider at least some supporting evidence from a medical professional. " *Krogmeier v. Barnhart,* 294 F.3d 1019, 1023 (8th Cir. 2002)(citations and internal quotations omitted).

Here. there is no medical evidence in the record to support the ALJ's RFC determination, particularly the lifting and standing requirements. Plaintiff stated that she is only able to stand 30 minutes to an hour. She stated she is unable to lift more than ten pounds. The ALJ rejected the opinions of Plaintiff's treating physician, Dr. F. Celzo, because his opinions were based on Plaintiff's statements regarding her limitations. (Tr. 19). Although Plaintiff's physician recommended surgery, there is no medical evidence in the record that the surgery would alleviate the CTS problem. Indeed, while the ALJ rejects Plaintiff's testimony in certain areas, he seizes on her rather ambiguous statements that surgery on her hands would or might help. (Tr. 233). Her statements are hardly a medical opinion.

Thus, the case must be remanded to the ALJ for a proper determination of Plaintiff's RFC.

The Court further finds that the case must be remanded to the ALJ for reassessment of Plaintiff's subjective allegations. The ALJ found that the record was "replete with examples of the claimant's non-compliance with her medical treatment." He used Plaintiff's non-compliance to discredit Plaintiff's subjective allegations. (Tr. 20).

The ALJ overstates Plaintiff's non-compliance. He noted that Plaintiff has failed to obtain the CTS surgery. The ALJ presupposes that Plaintiff has a greater sophistication to obtain free or subsidized medical services through different agencies than she might have.

Furthermore, no physician has actually stated that the surgery would restore Plaintiff's ability to work.

> To receive Social Security disability benefits, a claimant must follow treatment prescribed by his physician if such treatment will restore his ability to work. 20 C.F.R. § 404.1530 (1990). Failure to follow a treatment mode suggested with only speculative expectation of medical improvement, however, is neither a valid reason for disallowing benefits nor for discrediting a claimant's testimony."

*Kirby v. Sullivan,* 923 F.2d 1323, 1328 (8th Cir. 1991) (citations omitted).

The ALJ makes much of the fact that Plaintiff continued to smoke after being ordered to quit.  He failed to note that she had reduced the number of cigarettes she was smoking after her physician recommended that Plaintiff stop smoking. (Tr. 189).

He noted that Plaintiff refused to take her medication for her hypertension even though she was given free samples by her doctor. (Tr. 20).  The record, however, reflects that in November, 2004, Plaintiff refused high blood pressure medication because she thought it was related to a syncopal episode for which she was hospitalized.  (Tr. 150).  Nevertheless, Plaintiff subsequently obtained additional free samples of blood pressure medicine and at the time of the hearing she was taking two blood pressure medications.  (Tr. 241).

The record establishes that Plaintiff suffers from impairments with which pain is associated, that is, CTS and degenerative disc disease. The record contains many references to Plaintiff's complaints of pain in her hands.  She testified that "too much standing" exacerbated the pain in her back. (Tr. 236).  Plaintiff takes pain medicine for her pain. (Tr. 236)

While the ALJ noted that Plaintiff  has a good work history, he opined that Plaintiff's "motivation to return to work is questionable." (Tr. 21).  This opinion is not supported by the record. Plaintiff continued to work, while suffering from severe pain. In October, 2003, when

she finally had testing done to determine the cause, Dr. Bob W. Smith, the physician who diagnosed Plaintiff's CTS, noted that Plaintiff "failed to complain significantly" about the pain, and tried to continue working." (Tr. 100).

In sum, the Court finds that the decision of the Commissioner is not supported by substantial evidence. The ALJ did not properly determine Plaintiff's RFC and did not properly consider Plaintiff's subjective complaints.

THEREFORE, the Court reverses the decision of the Commissioner and remands the case to the Commissioner with instructions to conduct further proceedings consistent with this Order. This is a sentence-four remand.

IT IS SO ORDERED this 1st day of August, 2007.

_____
UNITED STATES DISTRICT JUDGE